FLEEMAN AND WILLIAMS *v.* STATE.

4271                                            165 S. W. 2d 62

Opinion delivered October 12, 1942.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

McHANEY, J.   Appellants were charged by separate informations with the crime of grand larceny for the stealing of an automobile wheel, tire and tube, the property of Charles Gibson of Lake City, Arkansas. Their cases were consolidated and tried together, which resulted in a verdict and judgment of guilty, and each was sentenced to a term of five years in the state penitentiary. One Cutter Ashabranner was also charged with the same offense. He entered a plea of guilty to the charge against him and became a witness for the state in the trial of appellants.

As to appellant, Nell Williams, it is urged that the court erred in instructing the jury that: "All persons being present, aiding, abetting, assisting or standing by, ready and consenting to aid, abet or assist in the per-

petration of a crime shall be deemed a principal and shall be indicted and punished as such.'' Her counsel specifically objected and excepted thereto because, he says, it means ''that one who stands by is guilty as an accessory when the instruction should read, 'being present and aiding and abetting and assisting,' '' and for the further reason she is charged as a principal and not an accessory before or after the fact. After deliberating some time, the jury returned a verdict of guilty against Fleeman, and asked that the ''aiding and abetting'' instruction as to Nell Williams be repeated. Thereupon, the court said: ''All persons being present, aiding or abetting or ready and consenting to aid and abet in the commission of a crime shall be deemed a principal offender and shall be indicted and punished as such. Therefore, if you find from the case (no doubt meaning evidence or evidence in the case) beyond a reasonable doubt, that the defendant, Nell Williams, was present, aiding and abetting in the commission of a felony by the said Charles Fleeman, then and in that event she would be punished as such. If you have a reasonable doubt that she was not present, aiding and abetting the commission of a crime you should acquit her.'' No objection was made or exception taken to the form of this instruction, but only because it was a repetition and the court was requested to repeat each of the instructions. It will be noticed that the ''standing by'' part of the instruction, as originally given, was not given by the court when the foreman requested it be repeated. As the jury was finally instructed, they had to find beyond a reasonable doubt that Nell Williams ''was present, aiding and abetting in the commission of a felony by said Charles Fleeman'' before they could find her guilty, and, if they had a reasonable doubt about it, they must acquit her. We, therefore, conclude that the instruction as repeated, being without objection or exception as to form or substance, is correct, and that it supersedes the instructions as first given, about which said appellant complains, and disposes of this assignment of error against her.

Moreover, we see no error in the instruction as originally given. Under § 25 of Initiated Act No. 3, Acts

1937, now § 3276 of Pope's Digest, the former distinction between principals and accessories is abolished and under it all accessories before the fact shall be deemed principals. See *Burns* v. *State,* 197 Ark. 918, 125 S. W. 2d 463. While this section appears in the digest as 3276, appearing under the subject of "Perjury," it should be § 2940 (a), under the heading of "Principals and Accessories." Section 2937 provides: "All persons being present, aiding and abetting, or ready and consenting to aid and abet, in any felony, shall be deemed principal offenders, and indicted and punished as such." Such is, in effect, the instruction given by the court originally and was a correct declaration of law as fixed by said statutes. See, also, *London* v. *State, ante,* p. 767, 164 S. W. 2d 988.

The only other alleged error argued applies to both appellants, that is, the insufficiency of the evidence to sustain the verdicts and judgments. We cannot agree with appellants in this contention.

It is undisputed that both appellants were present when the larceny occurred, in fact, it was so conceded in oral argument. They, with Ashabranner, who pleaded guilty to the charge against him, had been riding over the country roads in three or four counties in northeast Arkansas for some two or three days, according to Ashabranner, apparently for the purpose of stealing tires, and a number of stolen tires were recovered by the officers in Mississippi county. Mr. Gibson identified his tire and tube from among those others so recovered. He also identified his wheel. The tire and tube were identified in several ways. It was a Cooper Soft Aire, an unusual brand of tire, had a boot in it to protect the tube from blowout and the tube had been patched with an Atlas hot patch. The garage owner who patched the tube in January for Mr. Gibson testified that he did so with an Atlas patch and put a small boot in the tire, both of the same kind as found in Mr. Gibson's tire after it was recovered. Deputy Sheriff John Reinmiller of Mississippi county testified that he made the investigation when Mr. Gibson's tire was stolen, and of other stolen tires, and that they recovered thirteen other tires and

tubes, and arrested Ashabranner for these thefts. All these tires and tubes were taken to the trial of this case and Gibson's tire was picked out of the lot by Ashabranner, in the absence of Gibson, as the latter had previously done. The wheel was found by Wes Mooneyham, a deputy sheriff in the eastern district of Craighead county, in a garage at the home of Russell Fleeman, near Tyronza, in Poinsett county, who is a brother of appellant, Charles Fleeman. Mr. Gibson identified the wheel as his by its size and color, in that it matched the other wheels on his car and the color of the car itself. Also in this garage, which was locked with a new padlock, were found a lot of personal property and articles belonging to appellant, Charles Fleeman, and some things of appellant, Nell Williams, such as a picture of her, a marriage certificate of a justice of the peace in New Mexico that he had united in marriage Nell Williams and one Paul Ward on December 20, 1938.

The admitted presence of both appellants at the commission of the larceny and the finding of articles of personal property in the place where the stolen property was found are sufficient to go to the jury as substantial evidence tending to connect appellants with the larceny. Appellants did not testify and they cannot be convicted on the evidence of the accomplice, Ashabranner, "unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof." Section 4017, Pope's Digest. The rule in this state is that the corroborating evidence need only tend to connect the defendant with the commission of the offense, and not that such evidence of itself be sufficient, and where there is substantial corroborating evidence tending to connect the defendant with the offense, its sufficiency is a question for the jury, together with that of the accomplice. *Middleton* v. *State,* 162 Ark. 530, 258 S. W. 995; *Mullen* v. *State,* 193 Ark. 648, 102 S. W. 2d 92; *Smith* v. *State,* 199 Ark. 900, 136 S. W. 2d 673; *McDougal* v. *State,* 202 Ark. 936, 154 S. W. 2d 810.

We think the accomplice was sufficiently corroborated to take the case to the jury and that the verdict must be permitted to stand, even though the accomplice said Nell Williams took no actual part in the stealing, but sat in their car near-by. She knew what was being done. The jury had the right to draw the conclusion that she was not only present, knowing a crime was being committed, but stood by ready and consenting to aid and abet, and the fact that some of her personal belongings were found at the place where the stolen property was found further confirms the justifiable inference. The jury might reasonably have concluded that her presence in the car near-by was to aid, abet and assist by keeping a lookout for the actual thieves.

The evidence is sufficient, and no error appearing, the judgment is affirmed.