HOWARD K. PHARR v. STATE OF ARKANSAS

5-405                                438 S.W. 2d 461

Opinion Delivered March 24, 1969

*John O. Moore* for appellant.

*Joe Purcell*, Atty. Gen. and *Don Langston*, Asst. Atty. Gen. for appellee.

GEORGE ROSE SMITH, Justice.    The appellant, tried before a jury, appeals from a judgment sentencing him to three years imprisonment for having taken $209.57 that had come into his possession as an employee of L. F. Snodgrass, the operator of a service station in Texarkana.    Ark. Stat. Ann. § 41-3927 (Repl. 1964). Pharr contends only that the evidence is not sufficient to support the conviction.

On the night of the crime, August 8, 1968, Pharr was in his second week as the night attendant at the station, working alone on a 12-hour shift that began at 6:00 p.m.    Snodgrass had assigned a separate drawer in the cash register to each of his employees, providing each man with a key to his assigned drawer.    Every day when Snodgrass checked out the receipts he put $50 in each man's drawer to enable him to begin business on his shift.

At about 4:00 on the night in question Snodgrass was called by telephone to the station.    The police had also been summoned, because a passing prospective customer had found the station open and unattended.    A day attendant had apparently forgotten to take his drawer key with him; it was still in the lock.    Both that drawer and Pharr's drawer were empty, except for a few cents.    Snodgrass determined from the cash register tapes and the credit card slips that about $209 was missing.

During the same night police officers in the city of Hope, about 32 miles from Texarkana, saw a man

that proved to be Pharr arrive in an out-of-town taxi-cab and alight at a motel. Finding the motel full, Pharr asked the officers to assist him in obtaining a room for the night. As Pharr appeared to be drunk, the officers took him to the police station, where a test confirmed his intoxication. Pharr was booked and was found to have $183.13 in his possession, of which at least $100 was in silver. The next day Pharr, who still showed signs of intoxication, was turned over to the Texarkana police. Snodgrass and officers from both cities testified at the trial, narrating the facts essentially as we have summarized them.

We find the proof abundantly sufficient to support the conviction. The jury was warranted in believing from the proof that Pharr had taken the money from both cash drawers, had left the station unattended without notifying his employer, and had embarked upon an apparently pointless trip to Hope to spend the night. When Pharr was arrested he was still in possession of almost all the missing money. At least $100 of it was in silver, which in itself is enough to arouse suspicion. Absent an eyewitness, the State's proof is fully as strong as could be expected in such a case.

The appellant hinges his argument principally upon the matter of reasonable doubt. That issue does not arise on appeal, for as we said in *Graves* v. *State*, 236 Ark. 936, 370 S.W. 2d 806 (1963): "The jury must be convinced beyond a reasonable doubt, but there is no requirement that the members of this court be similarly persuaded by the proof. Here the test is that of substantial evidence. If the verdict is supported by such proof we are not at liberty to disturb the conviction, even though we might think it to be against the weight of the evidence." In the case at hand we hardly see how the verdict could have been other than that of guilty.

Affirmed.