Everett Lawrence KING Jr. *v.* STATE of
ARKANSAS

CR 73-27                            494 S.W. 2d 476

Opinion delivered May 21, 1973

*John P. Corn,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Richard Mattson,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant asserts that we should reverse the circuit court's judgment entered upon a jury verdict finding him guilty of burglary of the Arkansas State Police Headquarters in Little Rock on the night of August 2, 1971. Although he states the contention in two points, his principal argument is that there was not sufficient evidence to corroborate the testimony of Robert Prather, who, according to Prather, was an accomplice. We find the corroborating evidence to be sufficient to support the jury verdict and affirm the judgment.

There is no real dispute between the parties as to the applicable law. Our basic applicable statute on the subject [Ark. Stat. Ann. § 43-2116 (Repl. 1964)] was a part of our Criminal Code and has been construed so many times that there is little room for argument about its requirements. The principal difficulties in this regard arise from application of the statute. By its own language, the statute only requires that there be corroboration by evidence *tending* to connect the defendant with the commission of the offense and that this evidence go beyond a showing that the crime was committed and the circumstances thereof. We have, therefore, consistently held that the corroborating evidence need not be sufficient in and of itself to sustain a conviction, but it need only, independently of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the crime. *Lauderdale* v. *State,* 233 Ark. 96, 343 S.W. 2d 422; *Shipp* v. *State,* 241 Ark. 120, 406 S.W. 2d 361; *Fleeman* v. *State,* 204 Ark. 772, 165 S.W. 2d 62.

While the corroborating evidence must do more than raise a suspicion of the defendant's guilt, it need not be direct, but may be circumstantial, so long as it is substantial, and tends to connect the defendant with the commis-

sion of the offense. *Underwood* v. *State*, 205 Ark. 864, 171 S.W. 2d 304; *Mullen* v. *State*, 193 Ark. 648, 102 S.W. 2d 82. Even though one circumstance or a combination of several circumstances might not be sufficient, all of the circumstances in evidence may constitute a chain sufficient to present a jury question as to their adequacy as corroboration of the accomplice. *Lauderdale* v. *State*, supra. The question of sufficiency of the corroborating evidence to justify submission of the question of a defendant's guilt must, of necessity, be governed by the facts and circumstances of the particular case, having regard for the nature of the crime, the character of the accomplice's testimony and the general requirements with respect to corroboration. *Underwood* v. *State*, supra. Where the circumstantial evidence tending to connect the defendant with the offense is substantial, the question of its sufficiency, along with the testimony of the accomplice, becomes one for the jury. *McClure* v. *State*, 214 Ark. 159, 215 S.W. 2d 524; *Fleeman* v. *State*, supra.

Roger Lane Prather testified that, at about 11:00 p.m., he and King burglarized the Arkansas State Police Headquarters, where they obtained an armload of weapons, which they put in an automobile and, after driving to Bentonville, hid them out near the lakes along Highway 12 toward Rogers. Prather testified that his sister accompanied him and King to Little Rock and back. He said that King cut the fence to gain entry. According to Prather, King told him while both were in the Pulaski County jail awaiting the trial that if he (Prather) would keep his mouth shut, everything would be all right.

There was corroborative evidence showing the following:

A man named Everette Lawrence King, Jr., of Rogers married a woman named Deanna Mae Elzey in Benton County on September 24, 1970. Both appellant and Deanna King were known to a police officer in Rogers, who had seen both driving a dark green 1964 model Mercury convertible automobile in Rogers in July and August, 1971. The officer had seen Roger and his sister Sherry Prather Stevens in this automobile from time to time. Whenever the officer

saw the automobile, either appellant or his wife, Deanna, was driving it. Arkansas License No. CHE 852 was issued to Deanna King of 506 S.W. 6th Street, Bentonville, for a 1964 Mercury convertible. In early 1971, King had worked at the state police headquarters, and his duties took him into or around the automobile maintenance shop, the radio shop (where the only person on duty the night of the burglary was stationed), the records room and the weapons room. Major Harold D. Bell, Commander of the Administrative Division of the Arkansas State Police, who was in charge of care and security of weapons at the armory, had made certain that the weapons room was secure before he left the headquarters on the night of August 2, 1971. A dark 1963 or 1964 Mercury convertible was seen at the police headquarters about 11:00 p.m. on the night of August 2 by an official of the Livestock and Poultry Commission, whose office was near the police armory room, and who recorded the vehicle's license plate number (CHE 852) on a match cover, which was made an exhibit. The next morning Major Bell found the front door open at the office complex of the headquarters, a chain link fence cut and scratch marks on all locks on the doors. He found ten weapons, including four shot guns, two automatic rifles and several pistols and revolvers missing from his office and the vault in the storage room. L. E. Gwynn, personnel officer for the Arkansas State Police and custodian of official records at the headquarters, caused a search to be made of personnel records and found that the only record missing was that of King. Sergeant Yates, Post Sergeant for District A of the Arkansas State Police, recovered the missing weapons when he was taken to the place they had been concealed by Prather and his sister. These weapons were delivered to Major Bell on August 14, 1971.

In *Shipp* v. *State,* supra, we found that the mere fact that the defendant bought the rain suit which was worn in a bank robbery by an accomplice was sufficient corroboration of the testimony of the accomplice that the defendant had suggested and planned the robbery and furnished the attire worn and discarded after the robbery. Al-

though any one of the above facts, standing alone, would only constitute a suspicious circumstance, as consistent with King's innocence as his guilt, when considered together, they constitute substantial circumstantial evidence tending to connect King with the burglary. Cf. *Clayton* v. *State,* 247 Ark. 643, 447 S.W. 2d 319. It was for the jury here, and not the court, to decide whether there was reasonable doubt as to defendant's guilt. *Bush* v. *State,* 250 Ark. 224, 464 S.W. 2d 792; *Pharr* v. *State,* 246 Ark. 424, 438 S.W. 2d 461.

Prather testified that, shortly after his return to Benton County after the burglary, he and his sister were arrested on a charge of possession of unlabeled drugs. He said that while serving in jail on that offense for five days he was questioned about the burglary and finally gave the police a statement about it and took the officers to the place the weapons were recovered, in return for the release of his sister. This testimony in not controverted. Appellant contends that the testimony of Prather was inadmissible because it was obtained by duress, coercion, threats and unconscionable conduct of police officers. The circumstances shown in this regard only went to the credibility of and the weight to be given his testimony but did not render it inadmissible. *McDonald* v. *State,* 249 Ark. 506, 459 S.W. 2d 806; *Vaughan* v. *State,* 57 Ark. 1, 20 S.W. 588.

The judgment is affirmed.