Otis ANDERSON *v.* STATE of Arkansas

CR 74-10                                    511 S.W. 2d 151

Opinion delivered July 8, 1974

*John Mann,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Michael S. Gorman,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. On October 31, 1972,

appellant was convicted on five counts of forgery and five counts of uttering by a St. Francis County Circuit Court jury which fixed his punishment at twenty years imprisonment. He was sentenced on November 1, 1972 and committed to the Department of Corrections on November 2, 1972. He filed notice of appeal on November 29, 1972 and requested appointment of counsel, alleging that he was indigent. No action appears to have been taken on appellant's notice and motion. At some subsequent date, undisclosed by the record, Anderson filed a handwritten petition for relief under Criminal Procedure Rule 1. Most of the grounds alleged would have been more appropriately stated in a motion for new trial. Later, on a date likewise undisclosed by the record, an attorney who represented Anderson at his trial filed a motion for an evidentiary hearing. This motion restated most of the allegations of Anderson's grounds for relief, nearly all of which were appropriate grounds for a motion for new trial, but inappropriate for post-conviction relief under Rule 1. It was alleged, however, that Anderson had been held by the Department of Corrections without due process because he had been denied counsel to prosecute his appeal, due to his indigency. On October 5, 1973, the circuit court granted the motion for an evidentiary hearing, which was held on October 22, 1973. Relief was denied, but the court granted an appeal to this court. A belated notice of appeal was filed. A transcript of the original trial which had been filed in the trial court August 22, 1973, was lodged here as a part of the record. It appears to have been considered by the trial court at the evidentiary hearing on the motion.

On appeal from that order appellant alleges that certain evidence introduced at his trial was the product of an illegal search of the vehicle he was driving at the time of his arrest and therefore inadmissible. He also contends his conviction was based on the testimony of an alleged accomplice which was not sufficiently corroborated. Because it seems from the record that Anderson was denied a direct appeal due to indigency, we consider his motion a belated motion for new trial and treat his points for reversal as having been raised on direct appeal from his judgment of conviction. We find both of the above contentions to be without merit.

Due to the mobility of the object to be searched,

warrantless car searches are permissible where there exists probable cause to believe the vehicle contains articles the officers are entitled to seize. *Carroll* v. *United States*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1924); *Easley* v. *State*, 255 Ark. 25, 498 S.W. 2d 664 (1973); *Roach* v. *State,* 255 Ark. 773, 503 S.W. 2d 467 (1973). In this case Sgt. Dave Parkman of the Forrest City Police Department received a report that forged checks had been passed in Forrest City and a description of one of the persons suspected. Deputy Sheriff Joe Goff of the St. Francis County Sheriff's Department testified he received a report from Officer Parkman that the latter had just met and passed a green 1970 or 1971 Oldsmobile containing a person believed to be the suspect traveling north on Washington Avenue a few cars behind Deputy Goff. Goff slowed down and an automobile fitting the description he had received passed him. He followed the car for a short distance and stopped it. He was joined almost immediately by Officer Parkman.

The two officers placed the three occupants under arrest and searched them, finding $692.00 in appellant's pocket. At this point they searched the interior of the car and recovered two checks which had been made out but not endorsed and two billfolds containing Tennessee drivers' licenses in the names of Andrew Hearn and Thomas Doggett. A search of the trunk of the vehicle produced several items which corresponded to items which had been purchased with the forged checks.

The person cashing the checks, which were payroll checks payable to either Andrew Hearn or Thomas Doggett, was purchasing relatively inexpensive items at several stores in the city and receiving the balance of the amount of the checks in cash.

We conclude that the officers had probable cause for searching the vehicle. Officer Parkman, having received a description of one of the suspects, sighted a car carrying a person he thought to be that suspect and passed that information along with the location of the car to Deputy Goff. When Goff saw the vehicle matching the description he received, he had probable cause for stopping the vehicle and searching it.

It should be noted that, according to the testimony of Sgt. Parkman, appellant consented to the search of the car. This was not denied by appellant when he testified. On direct examination, Anderson stated that when the officers asked him for the trunk key he replied he did not have a key but that the trunk could be opened by a button in the glove compartment and he offered to open it. Appellant said the officers told him to remain where he was and opened the trunk themselves. No objection was made at the trial to the introduction of any of the evidence taken from the vehicle. It seems obvious that appellant and his employed counsel did not consider the search unreasonable at that time.

Appellant's second point for reversal is that the testimony of the State's key witness, Charles Herod, who had previously been convicted of forgery and uttering in connection with this check cashing spree, lacked the corroboration required by Ark. Stat. Ann. § 43-2116 (Repl. 1964). The test of the sufficiency of corroboration of the testimony of an accomplice is whether there is other evidence tending to connect the defendant with the commission of the offense which goes beyond a showing that the crime was committed and the circumstances thereof. The corroborating evidence need not be sufficient in and of itself to sustain a conviction, but it need only, independently of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the crime. *Jackson* v. *State,* 256 Ark. 406, 507 S.W. 2d 705 (1974); *Lauderdale* v. *State,* 233 Ark. 96, 343 S.W. 2d 422; *Fleeman* v. *State,* 204 Ark. 772, 165 S.W. 2d 62; *King* v. *State,* 254 Ark. 509, 494 S.W. 2d 476.

Bill Beck, the proprietor of the Automotive Parts store, testified that a check payable to Thomas Doggett in the amount of $97.01 was cashed in his store in the purchase of eight spark plugs costing $6.64. The difference in money was paid to the person making the purchase. The search of the vehicle Anderson was driving produced a sack containing eight spark plugs and a sales slip from the Automotive Parts store. Larry Carter of Southern Furniture store related that a $97.01 check payable to Thomas Doggett was used in the purchase of a $9.95 lamp from that store. A lamp was recovered from the automobile trunk. An employee of the

Able True Value Hardware store, Judy Allen, testified that a shower curtain rod was purchased from that store with a $97.01 check payable to Thomas Doggett. A curtain rod was found in the search of the vehicle's trunk. Mrs. Munn, the assistant manager of the United Dollar Store, said a check made out to Andrew Hearn for $94.66 was used in the purchase of a pair of pants and a shirt from that store. A sack with the United Dollar Store name on it containing a shirt and a pair of pants was found in the trunk of the car Anderson was driving. Furthermore, Mrs. Munn, on cross-examination, was asked if she could identify appellant as the man who cashed the check at the United Dollar Store.

Q. Well, I'll ask you today if you will look at my client and see if you can identify him as the one that cashed the check.

A. Well, as good a look as I got at him I would say it was definitely him.

Q. This is the man?

A. Yes.

Two billfolds containing Tennessee drivers' licenses in the name of Andrew Hearn and Thomas Doggett were recovered from the backseat of the automobile. Appellant had $962 in cash in his pocket at the time of his arrest. All this evidence, weighed collectively, constitutes sufficient corroboration to support the jury verdict.

The judgment is affirmed.