Robert Neil POLLARD *v.* STATE of Arkansas

CR 78-51                    574 S.W. 2d 656

Opinion delivered December 18, 1978
(In Banc)
[Rehearing denied January 12, 1979.]

*Vincent E. Skillman, Jr.,* of *Skillman, Durrett & Davis,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Robert Neil Pollard was charged, along with two others, with manufacturing (growing) marijuana on Brandywine Island which is located in the Mississippi River next to Crittenden County, Arkansas. Pollard was convicted and sentenced to five years in the Arkansas Department of Correction.

On appeal he alleges two errors: a motion to suppress certain evidence found in a house he occupied should have been granted; and, there was insufficient corroborating evidence of an accomplice's testimony to sustain his conviction.

The first argument has no merit. The court, after a hearing, found that a valid search was conducted, either on the basis of consent of the owner of the house, who was not Pollard, or because Pollard had abandoned the house. On review, after making an independent determination, based upon the totality of the circumstances, we cannot say the trial court was clearly erroneous in its findings. *State v. Osborn,* 263 Ark. 554, 566 S.W. 2d 139 (1978).

Pollard's other argument has merit. The case was well prosecuted, based primarily on the testimony of a woman Pollard was living with, Sandra Kay Harris, who was an accomplice. She was granted immunity and her testimony was that Pollard, with others, was guilty of growing the marijuana on Brandywine Island.

The two others charged with Pollard were Garland Stokes, an employee of the Arkansas Game and Fish Commission, and Dorse Sutherland, a crop duster. Both testified denying participating in the crime; neither implicated Pollard.

Stokes, whose duties included supervising Brandywine Island, which is a ten thousand acre island in the Mississippi

River leased by the Game and Fish Commission from U.S. Gypsum Company, admitted that he had found marijuana growing on the island. In fact, he had cut some of the marijuana, according to Stokes, for the purpose of destroying it.

Stokes admitted that he knew Sutherland and Pollard as friends and that Pollard had frequently been on the island. Stokes admitted that Pollard had loaned him a three-wheel motorcycle and a six-wheel all terrain vehicle for use on the island.

Without reviewing all of the evidence produced by the State, and it is voluminous, suffice it to say we have searched and cannot find sufficient evidence to corroborate the testimony of the accomplice to sustain this conviction.

There is no corroborating evidence that Pollard planted or cultivated the four fields of marijuana found on Brandywine Island. There is only evidence that could raise a suspicion of such activity.

For example, the State argues that evidence showed that Pollard built a hot bed behind his mother's house in Crittenden County where he planted several plants of marijuana; that both vehicles he owned, the three-wheel motorcycle and the all terrain vehicle, were on the island and he was seen riding these vehicles; a state policeman testified that he had seen three-wheel tracks, similar to those made by the motorcycle, at the edge of one of the fields; there was evidence that Pollard had been on the island numerous times; there was testimony that Pollard had purchased blood meal in Memphis, which the accomplice testified was used on the plants to ward off animals; records were produced that showed a "Bob Pollard" purchased three thousand disintegrating peat pots, which according to the accomplice were used for planting marijuana seeds.

There was evidence that marijuana was in the attic of a house Pollard occupied and that some marijuana had been burned in the backyard before Pollard left the premises.

We could go on reciting the various evidence but it only raises a suspicion of guilt. There is no evidence that the blood

meal was used on the island, aside from the accomplice's testimony. There is no evidence that Pollard was, in fact, the "Bob Pollard" who purchased the peat pots. There is no evidence that marijuana was taken from Brandywine Island and placed in Pollard's residence. There is no evidence that tends to connect Pollard to planting, cultivating or possessing the marijuana found on the four fields in question.

The Arkansas Legislature, in its wisdom, has provided that one cannot be convicted on the testimony of an accomplice alone. Ark. Stat. Ann. § 43-2116 provides:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. Provided, that in misdemeanor cases a conviction may be had upon the testimony of an accomplice.

We have recognized that circumstantial evidence may be used, but it must be of a material nature and legitimately tend to connect the defendant with the crime. *Roath* v. *State,* 185 Ark. 1039, 50 S.W. 2d 985 (1932). Also, we have said that evidence which merely raises a suspicion that an accused may be guilty, or which is as consistent with a defendant's innocence as guilt, is not sufficient. *Underwood* v. *State,* 205 Ark. 864, 171 S.W. 2d 304 (1943).

Certainly, there is plenty of evidence that something may have been going on of a suspicious nature. However, when we apply the law to the facts in this case, we just ask the question, where is the evidence, aside from the accomplice's testimony, that Pollard planted or cultivated this marijuana on the island? It is simply not there. Therefore, we have no alternative but to reverse the judgment of the trial court.

Ordinarily, this case would be remanded for an opportunity for the State to re-try the case. However, the United States Supreme Court has recently decided that the Double Jeopardy Clause of the United States Constitution precludes a second trial once a reviewing court has determined that the

evidence introduced at trial was insufficient to sustain the verdict. In *Burks* v. *U.S.*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), the court made such a decision in applying the Double Jeopardy Clause to federal cases. In *Greene* v. *Massey*, 437 U.S. 19, 98 S. Ct. 2151, 57 L. Ed. 2d 15 (1978), the United States Supreme Court made the same application to state criminal proceedings. Consequently, the judgment is reversed and the cause dismissed.

Reversed and dismissed.

FOGLEMAN, J., not participating.

BYRD, J., dissents.