Ronald Dean ROE *v.* STATE of Arkansas

CA CR 82-170                                         647 S.W.2d 483

Court of Appeals of Arkansas
Opinion delivered March 9, 1983

264

*Donald R. Huffman,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Ronald Dean Roe appeals from his conviction of attempted aggravated robbery for which he was sentenced to ten years in the Department of Correction. The sole issue is whether the trial court erred in not directing a verdict of acquittal. He contends that the testimony of his accomplice, Steven Sparks, was not sufficiently corroborated to sustain the conviction. We do not agree.

Glenna Stanley and Robert Fletcher were employees of "One-Stop Mart" on the night of January 23, 1982. They described the premises as a typical convenience store with customer parking in the front. The parking area and the area around the gas island were well lighted. The north side of the store had no windows or lights but there was a back door located on that side. The parking area on the north side was for deliveries but it was separated from the customer parking area by a curbing. Entrance or exit from the north side was by a side street.

Glenna Stanley testified that Sparks entered the store and while threatening her with a knife demanded money. She called Fletcher for assistance and the robber fled. Both employees followed him out of the store, saw him go around the north side of the building, and saw him enter a vehicle which had been backed into the parking area with its front end facing the side street. There was another person in the driver's seat of the car and the motor was running. The automobile sped away down the side street. The employees signaled a passing police car and the vehicle in which the robber had fled was stopped within a block of the store and two men apprehended. Sparks and Roe were brought back to the store where both employees immediately identified Sparks. Neither had seen Roe.

The arresting officers testified that they observed Sparks running from the store with a knife in his hand and had also seen the signals from the employees. They immediately turned on their blue lights and pursued the vehicle. Although the fleeing vehicle appeared to be trying to elude them, it was unable to do so because of the traffic. They identified Roe as the driver and Sparks as the passenger.

Sparks admitted his participation in the crime and testified for the State. He had known Roe most of his life and at the time the crime was committed both of them were living in Elm Springs. On the night of the attempted robbery Sparks and Roe had been riding in Roe's car and listening to music and drinking beer for most of the afternoon. A short time before the robbery they returned to Elm Springs because they had no money for gas or beer. According to Sparks they had then decided that they would find a place to rob. They drove to Siloam Springs and after "casing" the One-Stop Mart both decided, "All right. That's it." According to Sparks, Roe wanted to steal some gas while Sparks was committing the robbery. They did not do so because both feared that the employees might be able to identify the car. He testified that Roe then decided to pull around on the north side of the store where it was dark and shadowy and the car could not be identified. They backed the car into the darkened parking lot where Roe would wait with the motor running while the robbery was committed. He testified that they pulled on to the side street but got behind an "old pickup" that slowed them down and they were unable to pass it because of the traffic. He testified that Roe made several attempts to do so but could not pass.

Roe did not testify in his own defense, but in a pre-trial statement which was read into evidence he admitted that he was driving the car and parked it where he did because Sparks told him to. He stated that he thought Sparks was merely going to buy a package of cigarettes and that he had no knowledge of his true intentions.

Appellant contends that the evidence tending to corroborate the testimony of the accomplice was purely circumstantial and of insufficient force to warrant its consideration. He contends that the evidence independent of that of his accomplice does no more than place the appellant at the scene of the crime, a fact which does not constitute sufficient corroboration. *Green* v. *State*, 265 Ark. 179, 577 S.W.2d 586 (1979).

The case under review is clearly distinguishable from *Green*. In *Green* four men robbed a store. The only evidence

of Green's participation in the crime was given by his accomplices. No other witness saw or observed him or his actions at the time the crime was committed. The only independent evidence placing him at the scene of the crime was Green's own statement that he was at that location with the robbers but was unaware of their intention to commit the crime.

Here the state does not rely solely on his admission of being present at the scene of the crime. There was direct evidence of his being there and of his actions both before and after the crime was attempted. There was evidence that he had parked his car in a dark and shadowy place designed primarily for delivery trucks rather than in the well lighted place provided for customers. The car had been backed into the parking place with its front end facing the side street and engine running. It was located some distance from the customer entrance to the building. These are circumstances, apart from his mere presence at the scene, from which a jury might infer that he was indeed connected to the crime.

The appellant, relying on *Harshaw* v. *State,* 275 Ark. 481, 631 S.W.2d 300 (1982), argues that although circumstantial evidence may be substantial, where such evidence alone is relied upon it must be of such force as to exclude every other reasonable hypothesis but guilt. This reliance is misplaced. That well established rule is applied where circumstantial evidence alone is relied upon to establish *guilt* of a crime. It has no application to circumstantial evidence relied upon in *corroboration* of an accomplice's testimony. Where the State relies on testimony of an accomplice to support a conviction, that testimony must be corroborated by other evidence which tends to connect the accused with the commission of the offense and it is not sufficient to show that the offense was committed and the circumstances of the offense. Ark. Stat. Ann. § 43-2116 (Repl. 1977). It is not necessary that the evidence be sufficient to sustain the conviction but the evidence must, independent from that of the accomplice, tend to some degree to connect the defendant with the commission of the crime. Where circumstantial evidence is utilized all facets of the evidence may be considered to constitute a chain sufficient to present

the question for the resolution by the fact finder as to the adequacy of the corroboration. This court reviews the sufficiency of that evidence by the test of whether the verdict is supported by substantial evidence which means whether the fact finder could have reached the verdict without resorting to speculation and conjecture. *Klimas* v. *State,* 259 Ark. 301, 534 S.W.2d 202 (1976); *King* v. *State,* 254 Ark. 509, 494 S.W.2d 476 (1973); *Rhodes* v. *State,* 276 Ark. 203, 634 S.W.2d 107 (1982). In such cases the court merely determines whether the circumstantial evidence tends to some degree to connect the defendant with the commission of the crime and does not look to see whether every other reasonable hypothesis but that of guilt has been excluded. *Rhodes* v. *State, supra; Cassell* v. *State,* 273 Ark. 59, 616 S.W.2d 485 (1981).

We cannot say that the trial court erred in submitting this issue to the jury.

Affirmed.