James BENNETT *v.* STATE of Arkansas

CR 84-119                                    679 S.W.2d 202

Supreme Court of Arkansas
Opinion delivered November 13, 1984

*Griffin, Rainwater & Draper,* by: *Paul S. Rainwater,* for appellant.

*Steve Clark,* Att'y Gen., by: *Marci L. Talbot,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant was charged with the aggravated robbery of a grocery store in Crossett, Arkansas. At a jury trial, testimony was heard from the admitted accomplice in the robbery and several other witnesses. The appellant, allegedly the gunman, wore a ski mask during the commission of the offense and only the accomplice was able to identify him as the gunman. Appellant was found guilty and sentenced to thirty-five years.

Appellant first argues that a directed verdict should have been granted because of insufficient corroboration of the accomplice's testimony. A conviction cannot be had on the testimony of an accomplice alone. Ark. Stat. Ann. § 43-2116 provides:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

We have said in applying this statute: "The test of the sufficiency of corroboration of the testimony of an accomplice is whether there is other evidence tending to connect the defendant with the commission of the offense which goes beyond a showing that the crime was committed and the circumstances thereof. The corroborating evidence need not be sufficient in and of itself to sustain a conviction, but it need only, independently of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the crime." *Sargent.v. State,* 272 Ark. 366, 614 S.W.2d 507 (1981); *Anderson v. State,* 256 Ark. 912, 511 S.W.2d 151 (1974).

Viewing the evidence in the light most favorable to the

appellee, we find the corroborating evidence sufficient to sustain a verdict of guilt. The appellant was located six hours after the robbery in a motel about forty miles from Crossett. He had approximately $248 at the time and the store owner had testified that approximately $350 had been taken during the robbery. Two witnesses in the store testified that the gunman was wearing a blue tank top and black pants. When the appellant was arrested shortly after the robbery he had on a blue tank top and a pair of black jeans which were introduced by the state. There was evidence that the gunman and appellant were of a similar build. Witnesses testified the gunman had wrapped bandanas around his left arm and hand. The appellant had two tattoos on his left arm and one on his left wrist, and while there was no testimony as to why the bandanas were worn, it is within the jury's province to draw any reasonable inferences from all circumstantial as well as direct evidence presented. *Harshaw* v. *State*, 275 Ark. 481, 631 S.W.2d 300 (1982).

There was additional corroboration of the accomplice's testimony for the jury to consider. The accomplice stated that just prior to the robbery he and appellant hid in the alley by the store for a few minutes and discussed their plans. A witness who was passing by the store testified his suspicions were aroused when he saw two men lingering in the alley next to the store. He stopped to watch and saw the two carry out the robbery. The accomplice indicated in his testimony that he and appellant wanted to rob the store when the owner was not there and planned the robbery around his absence. Both the owner and the manager who was present during the robbery suggested the owner's known presence in the store was a deterrent to potential incidents that might occur in the store. The accomplice also testified he had carried a knife with him which he hadn't used. Although in the store during the robbery he was not initially implicated and asked to go to the bathroom where he disposed of the knife in a trash can. The manager testified the accomplice had gone to the bathroom right after the robbery and the police recovered a large butcher knife in the bathroom trash can. This corroboration, though not on substantive issues, did enhance the credibility of the accomplice's testimony. If an accomplice is corroborated as to

some particular fact or facts, the jury is authorized to infer that he speaks the truth as to all. *Dyas* v. *State,* 260 Ark. 303, 539 S.W.2d 251 (1976); *Payne* v. *State,* 246 Ark. 430, 438 S.W.2d 462 (1969). There were inconsistencies in other parts of the accomplice's testimony but he testified he was intoxicated during the commission of the robbery, which the jury may have considered to account for any conflicts, and we have said in any case the credibility of a witness is a matter within the province of the jury; they may accept or reject any or all of a witness's testimony. *Hamilton* v. *State,* 262 Ark. 366, 556 S.W.2d 884 (1977).

We think the evidence here meets the requirements of our statute. It *tends* to connect the appellant with the crime and goes beyond a mere showing the crime was committed and the circumstances thereof.

As his second point, appellant argues that the court erred in refusing to grant a mistrial on the basis of testimony elicited by the prosecution concerning the appellant's prior record. The prosecutor asked one of the officers, in laying a foundation for questions about the appellant's tattoos, "You've had occasions to book, fill out an arrest on James Bennett, hadn't you?" A: "Yes, sir, I have." An objection was raised and a request for a mistrial was made. The request was denied and the judge immediately admonished the jury. The only other reference the appellant objects to is the next answer and question concerning the tattoos, which made reference again to appellant's record: A: "I haven't seen any [tattoos]." Q: "Your records indicated where the tattoos are?" A: "Yes, sir." No objection however was made to this second reference.

The trial court is granted a wide latitude of discretion in granting or denying a motion for mistrial and the decision of the trial court will not be reversed except for an abuse of that discretion or manifest prejudice to the complaing party. A cautionary instruction to the jury can make harmless any prejudice that may occur, and the mistrial will be granted only where any possible prejudice cannot be removed by an admonition to the jury. *Hill* v. *State,* 275 Ark. 71, 628 S.W.2d 284 (1982). In both *Hill, supra* and *Sanders* v. *State,* 277 Ark.

159, 639 S.W.2d 733 (1982), limited exchanges occurred very similar to the one at issue. In both cases we found that the admonishment to the jury was sufficient to remove any prejudice.

Affirmed.

HICKMAN, PURTLE, and HOLLINGSWORTH, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. The majority emphasizes the word "tend" in a case involving corroboration of the testimony of an accomplice which to me is notice that the decision merits a close examination. In my judgment the evidence falls short in this case.

Bennett was not identified by anyone at the scene of the crime, nor was there any evidence that he was even in town at the time. By the state's admission, he was arrested at least six hours after the robbery in another town forty miles away. He did have on him about $248 and he had on a blue tank top and black jeans which is what the victim testified that the robber wore. That is the only evidence that the state has to justify the finding that the evidence tended to connect this appellant to the crime. This is simply too tenuous a connection. This nondescript clothing, while it might be considered unusual clothing to some, is certainly not sufficient evidence to send a man to the penitentiary for thirty-five years. Furthermore, no witness testified that the clothing the appellant wore was the same that the robber wore.

In my judgment the test set forth in Ark. Stat. Ann. § 43-2116 (Repl. 1977), which requires evidence "tending to connect the defendant" with the crime, has become a subjective rather than objective test. The evidence must be substantial and prove the connection, not merely corroborate the accomplice's testimony. It must be of a material nature and legitimately tend to connect the accused with the crime. *Henderson* v. *State*, 279 Ark. 435, 652 S.W.2d 16 (1983). The statement of an accomplice is suspect because it is made by an individual who admits the crime in question and has invariably made a deal with the state to shift the

major blame, if not all of the blame, on another. The Arkansas legislature has recognized this sort of evidence for what it is in Ark. Stat. Ann. § 43-2116. In times past we have been careful in scrutinizing the corroborating evidence. For instance, in *Washington* v. *State,* 251 Ark. 487, 473 S.W.2d 157 (1971), the appellant was found in an apartment where merchandise from a robbery was found the night of the robbery. A co-defendant had confessed that he and others, including the appellant, had been drinking and later "they" robbed the store. There the evidence "tended" to connect the appellant with the crime and was much stronger than the evidence presented here. Yet, we reversed the conviction. See also *Pollard* v. *State,* 264 Ark. 753, 574 S.W.2d 656 (1978).

The evidence in this case which might tend to connect this defendant concerns some tattoos on Bennett's left arm. One of the witnesses had said that the robber had bandanas on his left arm and hand. The inference to be drawn from this evidence is that since Bennett had tattoos, he had covered them up with bandanas. This evidence is tarnished by the fact that the state attempted to show, through a police officer's testimony, that Bennett had an arrest record which noted that he had tattoos on his left arm. The police officer testified as follows: State's attorney: "You've had occasions to book, fill out an arrest on James Bennett, hadn't you?" Police officer: "Yes, sir, I have." The appellant asked for a mistrial, it was denied, and the court admonished the jury to "disregard any statements of any *prior bookings* that this officer has made of the defendant." (Italics supplied.) The officer was asked if he had seen any tattoos on Bennett and he said no, but offered on his own that police records indicated that the appellant did have tattoos. A further objection was made and this objection was sustained by the court. The records were not permitted to be introduced. So, we have a situation where it was clearly before the jury that Bennett had been arrested before.

The admonition of the court certainly could not remove the prejudice caused by the officer's statement. It is particularly prejudicial since the existence of the tattoos was critical to the state's case. This inadmissible evidence revealed to the jury that Bennett had a criminal record and

had tattoos before the crime was committed. In view of the scarcity of the state's evidence, I do not find the admission of this evidence to be harmless. If the state had found any bandanas on Bennett when he was arrested, that would have satisfied the requirement of corroboration; but he was found with no bandanas. He only had on a blue tank top, black jeans and money in his pocket. To me, the majority's decision means that a man forty miles away with those clothes on and with money can easily be found guilty of a crime committed by someone in another city wearing similar apparel. In my judgment the evidence is simply lacking.

I respectfully dissent.

PURTLE and HOLLINGSWORTH, JJ., join in this dissent.