Larry D. MAYNARD *v.* STATE of Arkansas

CA CR 86-30                                                727 S.W.2d 858

Court of Appeals of Arkansas
En Banc
Opinion delivered April 22, 1987

*Thomas M. Carpenter, Esq.*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Larry Maynard was convicted in Baxter County Circuit Court of delivery of a controlled substance, after a jury trial. The State's evidence included the testimony of an accomplice, William Cunningham. The sole argument on appeal is that the evidence corroborating the accomplice's testimony was insufficient as a matter of law. We

affirm.

At the outset we note that Maynard did not raise the issue of the sufficiency of the corroborating evidence at the trail court level, by motion for directed verdict or otherwise. Furthermore, he acquiesced in the court's instruction which left this issue to the jury. Although *Harris* v. *State*, 262 Ark. 506, 558 S.W.2d 143 (1977) is authority for the proposition that under these circumstances we need not reach the issue of the sufficiency of the corroboration, we nevertheless decide this case on the merits, as did the supreme court in *Harris*.

■ The requirement that an accomplice's testimony be corroborated is statutory. Ark. Stat. Ann. § 43-2116 (Repl. 1977) provides in part:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof.

■■ The case law dealing with the application of this statute was well set out in *King* v. *State*, 254 Ark. 509, 494 S.W.2d 476 (1973):

> By its own language, the statute only requires that there be corroboration by evidence *tending* to connect the defendant with the commission of the offense and that this evidence go beyond a showing that the crime was committed and the circumstances thereof. We have, therefore, consistently held that the corroborating evidence need not be sufficient in and of itself to sustain a conviction, but it need only, independently of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the crime.
>
> While the corroborating evidence must do more than raise a suspicion of the defendant's guilt, it need not be direct, but may be circumstantial, so long as it is substantial, and tends to connect the defendant with the commission of the offense. Even though one circumstance of a combination of several circumstances might not be suffi-

cient, all of the circumstances in evidence may constitute a chain sufficient to present a jury question as to their adequacy as corroboration of the accomplice. The question of sufficiency of the corroborating evidence to justify submission of the question of a defendant's guilt must, of necessity, be governed by the facts and circumstances of the particular case, having regard for the nature of the crime, the character of the accomplice's testimony and the general requirements with respect to corroboration. Where the circumstantial evidence tending to connect the defendant with the offense is substantial, the question of its sufficiency, along with the testimony of the accomplice, becomes one for the jury. (Emphasis in original and citations omitted.)

■■ This last principle is perhaps sometimes overlooked. The sufficiency of the corroborating evidence will frequently be a question of fact, for the jury, rather than a question of law for this court. *See McClure* v. *State*, 214 Ark. 159, 215 S.W.2d 524 (1948). *See also* Comment, *The Impact of the 1976 Criminal Code on the Law of Assessorial Liability in Arkansas*, 31 Arkansas Law Review 100 (1977). This is the reason for AMCI 402 and 403, the vehicles through which the trial court is obliged to present the issue to the jury. On appeal, our inquiry is, or should be, not whether we view the corroborating evidence as sufficient, but whether there is substantial evidence to support the jury's finding that the corroborating evidence was sufficient. And in determining whether there is substantial evidence to support the jury's finding that the corroborating evidence was sufficient, we need only consider testimony lending support to the jury verdict and may disregard any testimony that could have been rejected by the jury on the basis of credibility. *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985).

In this case Maynard and Cunningham were under investigation by the police for selling drugs. An informant, Charles Beta, was used to make the drug purchases. Maynard was charged for a delivery of marijuana to Cunningham that took place on February 25, 1984. On that day Cunningham was arrested as he returned home from what he testified was a trip to see Maynard to get a new supply of marijuana to sell. Cunningham's car was searched, under a warrant, and a large plastic bag

containing 34 small bags of marijuana was found. Eleven of Maynard's fingerprints were found on five bags. Cunningham's fingerprints were found on none of the bags. Cunningham testified that Maynard knew he was suspected of dealing in drugs and that in January he asked Cunningham to go into business with him. Maynard would supply drugs and refer customers to Cunningham. Cunningham would be paid on a commission basis. Cunningham further testified that he obtained about a pound of marijuana a week from Maynard for resale, that Maynard weighed and bagged the marijuana, and that he sold to customers who said "Larry sent me," a signal prearranged by Maynard. He testified that Maynard came to his house the week of February 17 to pick up money in order to go north to buy more drugs. He also testified that on February 25 he went to Maynard's and obtained the 34 bags of marijuana subsequently found in his car.

Beta testified that on February 17 he attempted to buy marijuana from Maynard, but Maynard told him he was not selling and referred him to Cunningham. He said that he bought a quarter ounce of marijuana from Cunningham on February 17, after he told him that he knew Maynard. Beta testified that he had purchased drugs from Maynard in the past, had seen marijuana weighed and bagged at Maynard's house on several occasions, and that Cunningham had never had to weigh or bag the marijuana he sold. He also testified, without objection, that Maynard and Cunningham were working together.

Maynard admitted handling the bags of marijuana but said this was only because he was trying to decide which one to buy. He admitted to making a trip north, to Illinois, in February, but testified that this was to pick up a jeep, not to buy drugs. Maynard testified that he had no scales, but the lady with whom he lived, Jane Chastain, testified that there was a set of scales there, which were used only for cooking.

■ Laying aside Cunningham's testimony, surely the corroborating evidence tends to connect Maynard with the commission of the crime. On these facts the sufficiency of the corroborating evidence was a fact question for the jury to decide. The jury's finding that the corroborating evidence was sufficient is supported by substantial evidence.

Maynard relies heavily on *Pollard v. State*, 264 Ark. 753,

574 S.W.2d 656 (1978) and *Holloway* v. *State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984). Neither case is controlling. *Holloway* was a burglary case. There was no accomplice and therefore no issue as to the sufficiency of corroborating evidence. The issue in *Holloway* was whether the presence of one fingerprint on a piece of broken glass found outside a home which had been burglarized was substantial evidence to support a subsequent burglary conviction. We held that it was not. Here the conviction does not rest upon one fingerprint. It rests upon the testimony of the accomplice Cunningham, as corroborated by the fingerprint evidence, which is much more persuasive here, as well as the testimony of Beta, Chastain, and Maynard himself.

In *Pollard*, the supreme court reversed a conviction for manufacturing marijuana, holding that the corroborating evidence presented only suspicious circumstances. Here, however, we are persuaded that the corroborating evidence does more than merely raise a suspicion that Maynard may be guilty. It tends to connect him with the commission of the offense, as required by the statute.

Affirmed.

CRACRAFT, J., concurs.

COULSON and MAYFIELD, JJ., dissent.

GEORGE K. CRACRAFT, Judge, concurring. I concur with the result reached by the majority, but I would not reach the merits of this case.

The record here does not disclose that the appellant ever raised the question of corroboration of the accomplice's testimony in the trial court. Our courts have consistently held that where there is a particular defect in the State's proof which might have been corrected had an objection been made, the absence of the objection prevents the point from being raised for the first time on appeal. *Johnson* v. *State*, 290 Ark. 46, 716 S.W.2d 202 (1986); *Janes* v. *State*, 285 Ark. 279, 686 S.W.2d 783 (1985). In *Harris* v. *State*, 262 Ark. 506, 558 S.W.2d 143 (1977), the court specifically held that, where the State's proof is achieved by the uncorroborated testimony of an accomplice, the absence of an objection on that ground at trial waives the omission.

BETH GLADDEN COULSON, Judge, dissenting. I strongly disagree with the conclusion reached by the majority that the corroborating evidence in this case does more than merely raise a suspicion of the appellant's guilt. While I have reservations even as to the tendency of the corroborating evidence to connect the appellant with the crime charged, there is the additional requirement that the corroborating evidence be substantial. In light of our definition of that term, I am persuaded that there was no substantial evidence which would support a finding by the jury that the corroborating evidence was sufficient. Therefore, I respectfully dissent.

As the majority opinion correctly points out, "[w]hile the corroborating evidence must do more than raise a suspicion of the defendant's guilt, it need not be direct, but may be circumstantial, *so long as it is substantial and tends to connect the defendant with the commission of the offense.*" (Emphasis added.) *King* v. *State*, 254 Ark. 509, 494 S.W.2d 476 (1973). This position comes from the stipulation in Ark. Stat. Ann. § 43-2116 (Repl. 1977) that the corroborating evidence must do more than show that the offense was committed, and the circumstances thereof. Placing these requirements into the context of our appellate review, the majority states that "our inquiry is, or should be, not whether we view the corroborating evidence as sufficient, but whether there is substantial evidence to support the jury's finding that the corroborating evidence was sufficient."

This court defines substantial evidence as evidence which is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other; it must force or induce the mind to pass beyond mere suspicion or conjecture. *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986). As is noted by the majority, we must lay aside all of the testimony of the accomplice, Cunningham, because we are concerned only with whether there was such other evidence corroborating Cunningham's testimony as would force the mind to pass beyond mere suspicion and conjecture as to the appellant's delivery of the confiscated marijuana. The evidence must, "independently of the testimony of the accomplice," tend to connect the appellant with the commission of the offense.

Turning to the evidence, we find that a search warrant had

been executed at the Cunningham residence. Cunningham returned home while the search was in progress and his automobile was then searched. A large plastic bag containing thirty-four smaller bags of marijuana was found. The appellant's fingerprints were found on five of the smaller bags. The majority then states that the informant, Beta, testified that Cunningham and the appellant were working together. Yet, the record shows that Beta also testified that while he knew that the appellant delivered marijuana to Cunningham, he could not prove it and could not say that there were such deliveries. The informant also admitted that he could not remember any direct words or conversations as to a working relationship between the appellant and Cunningham, and he knew they were working together just through rumors and seeing them together. I find it impossible to say that these facts constitute substantial evidence to support a jury's finding connecting the appellant with the crime charged.

The majority places reliance upon the fact that after Beta tried to purchase marijuana from the appellant but was told by the appellant that he no longer sold marijuana, Beta was referred to Cunningham. Thereafter, Beta apparently went to Cunningham's residence and purchased marijuana; he also told Cunningham that he knew the appellant. While this testimony, when viewed in light of all of the other evidence, might tend to connect the appellant to Cunningham, I fail to see how it can be said that independently of Cunningham's testimony it is of such character as to force the mind beyond speculation that the appellant was connected with the crime of delivery of the marijuana in question. That the informant had previously purchased drugs from the appellant and had seen marijuana weighed and bagged at the appellant's residence in the past, if used to connect the appellant to the crime charged, surely cannot be said to do more than merely raise a suspicion of the appellant's guilt as to the confiscated marijuana.

The majority opinion, much like the appellee's brief, sets forth in detail the testimony of the accomplice, Cunningham. Yet, the focus of this appeal must be on the corroborating evidence and upon the question of whether that evidence is substantial. *King, supra.* As to the appellant's trip north, there was no showing that the appellant either purchased marijuana on that trip or returned to this state with any marijuana—much less

the marijuana found in Cunningham's car. Moreover, I find no evidence, other than the accomplice's testimony, that the marijuana in question came from the appellant's residence—the location of the suspect scales referred to by the majority. The fingerprints, of course, do no more than merely raise a suspicion of delivery by the appellant, and suspicion alone is not enough.

I find the appellant's reliance upon *Pollard* v. *State*, 264 Ark. 753, 574 S.W.2d 656 (1978), highly persuasive. As was emphasized in *Pollard*, the evidence produced by the State may have been voluminous, and there may have been plenty of evidence that something of a suspicious nature was going on. Yet, I ask the same question asked by the court in that case. When we apply the law to the facts in this case, where is the evidence, aside from the accomplice's testimony, that the appellant delivered a controlled substance? 264 Ark. at 756. I find that I must give the same answer given in *Pollard*; it is simply not there.

Because the corroborating evidence was not such that, independently of the accomplice's testimony, it would force the mind to pass beyond mere suspicion and conjecture, it fails to meet the test set out by the majority that it be substantial evidence. As such, it was insufficient as a matter of law and does not support the jury's finding to the contrary. In accordance with our supreme court's decision in *Pollard, supra*, the judgment should be reversed and the cause dismissed.

MAYFIELD, J., agrees.