**Erma JoAnn YORK, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 87–2429.**

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1988.

Decided Sept. 6, 1988.

Rehearing Denied Oct. 3, 1988.

Nelwyn Davis, Little Rock, Ark., for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before FAGG and MAGILL, Circuit Judges, SNEED,* Senior Circuit Judge.

MAGILL, Circuit Judge.

Petitioner Erma JoAnn York (York) appeals the denial of her petition for writ of habeas corpus. We affirm.

## I. BACKGROUND

This case arises out of York's involvement in a 1983 robbery and murder in Arkansas. On advice of counsel, York pled guilty to one count of first degree murder and three counts of forgery, to avoid the possibility of receiving the death penalty. She received consecutive sentences totalling seventy years. After exhausting all available state remedies, York brought this habeas corpus action pursuant to 28 U.S.C. § 2254. She alleged that her guilty plea was defective and that she deserved post-conviction relief because of ineffective assistance of counsel.

After reviewing the evidence, the district court[1] concluded that counsel's conduct was reasonable and that, even if the conduct alleged by York had occurred, there was no evidence that she would have insist-

---

* THE HONORABLE JOSEPH T. SNEED, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas. The matter was referred to the magistrate pursuant to 28 U.S.C. § 636(c) by the Honorable Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

ed on going to trial. Therefore the district court denied York's petition.

## II. DISCUSSION

 To prevail on an ineffective assistance claim, a petitioner must show that counsel's performance fell below an objective standard of competence and that the specific errors alleged prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "Prejudice" means a reasonable probability that, but for counsel's errors, the proceeding would have ended in a different result. *Id.* 466 U.S. at 694, 104 S.Ct. at 2068. The Supreme Court applied this two-part standard to ineffective assistance claims arising out of the plea process in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In a guilty plea case such as York's, therefore, petitioner must show both that counsel's performance did not meet the standard of competence and that "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370.

 We agree with the district court's finding that counsel's conduct did not fall below the level of reasonable professional conduct. In her brief, York focuses on counsel's failure to submit jury instructions on various points of Arkansas law. York attacks, *inter alia,* her counsel's failure to submit an instruction, or raise a defense, based on the state's failure to adduce evidence corroborating her accomplice's testimony. *See* Ark.Stat.Ann. § 43–2116.[2] As the district court points out, there is no factual or legal support for these assertions of error; because the matter did not go to trial, there was no need to request instructions.

In her habeas petition, York did not claim that her attorney's failure to rely on section 43–2116 constituted ineffective assistance. As a general rule, we are precluded from considering a claim that was not

raised before the district court. *Wallace v. Lockhart,* 701 F.2d 719, 727 (8th Cir.), *cert. denied,* 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983). Nevertheless, we shall address the corroboration issue briefly.

York's claim that counsel should have relied on section 43–2116 is based on an erroneous assessment of the corroboration necessary under Arkansas law to obtain a conviction based on an accomplice's testimony. Section 43–2116 provides:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

The corroboration required by this section has been defined by the Arkansas courts on many occasions. The corroborating evidence must establish the commission of the crime and *tend* to connect the accused with the crime. *Henderson v. State,* 279 Ark. 435, 652 S.W.2d 16, 19 (1983). There is no requirement that each element of the crime attested to by the accomplice be corroborated by independent testimony. Rather, "[i]f an accomplice is corroborated as to some particular fact or facts, the jury is authorized to infer that he speaks the truth as to all." *Bennett v. State,* 284 Ark. 87, 679 S.W.2d 202, 204 (1984). The defendant's own statement or testimony can supply this corroboration. *Sargent v. State,* 272 Ark. 366, 614 S.W.2d 507, 509–10 (1981). In *Sargent,* the court found inconsistencies in the defendant's testimony sufficient corroboration even though, as in the current case, the defendant denied the crime. Moreover, corroboration is not needed as to every detail supplied by an accomplice. *See Shipp v. State,* 241 Ark. 120, 406 S.W.2d 361, 362 (1966).

 York's statement alone is enough to corroborate her co-defendant's statements that she was involved in planning the crime. In her statement, York admitted to

2. Recodified at Ark. Code Ann. § 16–89–111(e)(1). For ease of discussion, we shall use the Code references which were in effect at the time of York's conviction.

asking the victim to jump-start the car. She also admitted to supplying rubber gloves and to driving the victim's car back to his house while wearing rubber gloves, as well as to putting things back in order at his house after the murder. She admitted to withdrawing $200 from the victim's bank account using his automatic teller personal identification number, and to using several of his checks. These admissions clearly provide sufficient corroboration under the statute and applicable case law. Therefore, counsel's assessment of the strength of the state's case against York was reasonable, and his conduct did not fall below the level of reasonable professional conduct.

In addition, York does not meet the second part of the ineffective assistance test. As the district court found, even had counsel performed as York asserts he should have, no credible evidence leads to the conclusion that she would not have pled guilty. In other words, York suffered no prejudice from counsel's conduct. Given the strength of the prosecution's case, counsel properly advised York to plead guilty.

Accordingly, the judgment of the district court denying York's petition for habeas corpus is affirmed.