James CASH, Jr. *v.* STATE of Arkansas

CR 89-158                                              784 S.W.2d 166

Supreme Court of Arkansas
Opinion delivered February 20, 1990

*Roy C. Lewellen*, for appellant.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The appellant was charged with the rape and attempted murder of a two-year-old girl. The jury acquitted him of attempted murder but sentenced him to 40 years for rape. On appeal he contends the trial court erred in not granting his motion for a change of venue and that it was error to

allow certain photographs to be admitted into evidence. Additionally, he claims that a state hospital report offered into evidence by the prosecution was hearsay and should not have been admitted. We affirm.

The trial judge denied a motion for a change of venue. The trial occurred a year after the crime. The appellant produced several affidavits which asserted "I do not feel [Cash] should be tried in Cross County." He also presented the testimony of himself, his grandmother and one other witness that he could not receive a fair trial in Cross County. The state countered with testimony saying Cash could get a fair trial.

A criminal case may be removed to another county whenever it shall appear that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be held in that county. Ark. Code Ann. § 16-88-201 (1987). The decision of a trial court denying a motion to change venue will be upheld unless it is shown the court abused its discretion. *O'Rourke v. State*, 295 Ark. 57, 746 S.W.2d 52 (1988). The defendant has the burden of proving a motion to change venue should be granted. *Berry v. State*, 290 Ark. 223, 718 S.W.2d 447 (1986).

The appellant did not have a right to a jury totally ignorant of the crime. *Bussard v. State*, 300 Ark. 174, 778 S.W.2d 213 (1989). Our review of the *voir dire* of the jurors in this case shows that, while some had heard of the case or read about it, none of those selected said they could not give the appellant a fair trial. *Burnett v. State*, 299 Ark. 553, 776 S.W.2d 327 (1989). What the appellant was entitled to and what he got in our judgment was a jury composed of persons who could and did decide the case on the testimony presented in court and not on the basis of news media coverage of the matter. *Logan v. State*, 299 Ark. 266, 733 S.W.2d 413 (1989).

The record reveals that, in the six months before this trial took place, there was no extraordinary media coverage or local gossip about the crime. Couple that with the *voir dire* of the jurors and it is plain that the appellant was tried by a fair and impartial jury.

The appellant contends that photographs of the victim and

the crime scene should not have been admitted into evidence because they were cumulative, more prejudicial than probative, and intended only to inflame the passions of the jury.

Admissibility of photographs is in the sound discretion of the trial judge and his ruling will not be set aside absent an abuse of discretion. Even inflammatory photos can be admitted if they shed light on any issue or are useful to the jury. *Owens* v. *State*, 300 Ark. 73, 777 S.W.2d 205 (1989). Pictures may also be useful in corroboration of testimony or to show the nature and extent of wounds and the savagery of the attack. *Williams* v. *State*, 300 Ark. 84, 776 S.W.2d 359 (1989); *Fitzhugh* v. *State*, 293 Ark. 315, 737 S.W.2d 638 (1987).

These photographs were useful for several reasons. First, they were graphic evidence that the child had been raped. They also depicted the bruises on the child and the bloody condition of the bed showing the savagery of the attack. It should be noted that the state was trying to prove both rape and attempted murder. We find no abuse of discretion in entering these photographs into evidence.

The appellant parenthetically argues that the photographs should not have been introduced because he did not contest his guilt but offered the affirmative defense of mental disease or defect. The state still had to prove the appellant engaged in the prohibited conduct. *See* AMCI 4009. A defendant cannot prevent the state from offering proof simply by conceding a fact. *See Williams* v. *State, supra.*

Finally it is argued that the trial court erred in admitting a 1988 state hospital report into evidence. Dr. Paul King, a psychiatrist and a witness for the appellant, had treated Cash in 1983 and diagnosed him as having a borderline personality disorder with suicidal intent. At trial, Dr. King said, "the diagnosis in the state hospital report was drug abuse and anti-social behavior." He offered his opinion that the appellant was in an alcoholic blackout when he committed this offense. Dr. King said his diagnosis differed from that contained in medical records from the Arkansas State Hospital.

On cross-examination, the prosecutor attempted to introduce the state hospital report into evidence. The appellant

objected. The court ruled that the report could be introduced under the hearsay exception in A.R.E. Rule 803(4). Later, on redirect, the appellant used the state hospital report to emphasize the fact that Dr. King had reviewed recent psychiatric reports in forming his opinion.

The trial judge reached the correct result, but used the wrong reasoning. He could have allowed the report into evidence on the ground that the appellant had waived his hearsay objection. *See Aaron* v. *State*, 300 Ark. 13, 775 S.W.2d 894 (1989); *Orr* v. *State*, 288 Ark. 118, 703 S.W.2d 438 (1986).

Affirmed.