Lonnie Dolphus STRAWHACKER *v.* STATE of Arkansas

CR 90-198                                    804 S.W.2d 720

Supreme Court of Arkansas
Opinion delivered March 4, 1991

*Denny Hyslip*, Public Defender, for appellant.

*Mary B. Stallcup*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case involves an appeal from a rape conviction and first degree battery conviction, where the appellant, Lonnie Strawhacker, received a life sentence for rape, as an habitual offender, and thirty years for first degree battery, with the two sentences to run concurrently. The appellant argues four points on appeal, and the state as appellee raises one further point under Supreme Court Rule 11(f).

The facts were related by the victim at trial. The appellant did not testify. On Friday night, August 11, 1989, the victim went by herself to a nightclub called The Rink in Fayetteville at 9:00 p.m. and stayed there for two to three hours. Prior to going she had consumed about six beers. At The Rink she had at least two more beers and went across the street to a second nightclub, Club West, where she was refused entry because the man at the door said she was too intoxicated. The victim then crossed the street again to find her car, and as she was about to walk down into a ditch area, which had a very rocky bed, she was struck from behind and pushed into the ditch. A man put his hand over her mouth and then tried to choke her. He struck her several times in the face, head, and abdomen with his fists.

The man asked her to take her clothes off, and when she could not, he continued to beat her. By this time she was bleeding from the mouth and nose, and her eyes were swelling shut. The appellant then proceeded to rape her.

The victim estimates she was in the ditch with the appellant for five hours, but because of the darkness and her swollen eyes she never was able to see her attacker's face. After the appellant and the victim left the ditch, they went to the victim's mobile home in a trailer park. The victim was in considerable pain and got into her bed, where appellant joined her. The victim does not know whether the appellant had sexual intercourse with her in bed, because she was drifting in and out of consciousness.

When the victim awoke in the morning, the appellant had gone, and, though virtually blind because of her swollen eyes, she made her way to a neighbor's house to seek help and was taken to the hospital.

### Motion for Mistrial

The appellant first argues that a police detective's testimony which alluded to prior bad acts by the appellant and his conviction for third degree battery, a misdemeanor, severely prejudiced the appellant's case. The colloquy between the prosecutor and the detective was as follows:

> Prosecutor:  That would be through his conversation with Mr. Krogman?

> Detective:  That's correct. We began to research through our department files to see what information we might have on Mr. Strawhacker. The only thing that we could find there was that he had been involved in a fight in May of 1989. We didn't have any current photographs of him on file, but we did have a misdemeanor arrest warrant for him for failure to answer a summons on a failure to pay fines and costs on an original charge of third degree battery.

Three more questions and answers ensued, after which the defense counsel approached the bench and moved for a mistrial due to the mention of the prior conviction.

The trial court denied the motion for mistrial, and the defense counsel asked for an admonishment to the jury which the trial court made:

> Ladies and gentlemen of the jury, I want to instruct you to totally disregard any comments the witness might

have made relative to a conviction for battery in the third degree, any prior arrest warrants or any mug shots. That has been ruled on by the Court that it will be totally disregarded by you. Is there anyone that feels they cannot follow that instruction? (No response.) That's not to be considered in this case in any way whatsoever.

We have held in the past that the trial court is granted wide latitude of discretion in granting or denying a motion for mistrial, and the decision of the trial court will not be reversed except for an abuse of that discretion or manifest prejudice to the complaining party. *Bennett* v. *State*, 284 Ark. 87, 679 S.W.2d 202 (1984). We have further held that a cautionary instruction or admonishment to the jury can make harmless any prejudice that might occur. *Id; see also Ronning* v. *State*, 295 Ark. 228, 748 SW.2d 633 (1988); *Scherrer* v. *State*, 294 Ark. 227, 742 S.W.2d 877 (1988).

Another important factor we have considered in similar cases is whether the prosecutor deliberately induced a prejudicial response. *See, e.g., Maxwell* v. *State*, 279 Ark. 423, 652 S.W.2d 31 (1983). In *Maxwell* the prosecutor specifically referred to a prior conviction in his cross examination, and we held that an admonishment by the trial court did not cure the possibility of prejudice. We concluded that the deliberateness of the prosecutor's action could not be "made harmless by anything less than a reprimand in the presence of the jury or by the granting of a mistrial." 279 Ark. at 425, 652 S.W.2d at 33. In this case that deliberateness does not exist. The prosecutor's action was inadvertent and did not specifically elicit the response from the detective.

■ There is always some prejudice that results from the inadvertent mention of a prior conviction, albeit a misdemeanor, in front of the jury. Any prejudice, however, was sufficiently cured by the trial court's admonishment, and the trial court was correct in denying the mistrial motion under these facts.

## Admissibility of Photographs

■ The appellant next argues that the two photographs of the beaten and scratched victim should not have been admitted into evidence, because they were inflammatory and cumulative, following the victim's testimony. We do not agree. The appellant

was charged with rape, an offense which requires proof of forcible compulsion, and first degree battery, where serious bodily injury must be proven for a conviction. Corroborative photographs showing the extent of the bodily injury to the face, head, abdomen, and breasts of the victim certainly were relevant to the charges. Such photographs are admissible within the discretion of the trial judge if they help the jury understand the testimony. *Richmond* v. *State*, 302 Ark. 498, 791 S.W.2d 691 (1990). They are further admissible to show the nature and extent of the victim's injuries. *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981). Even inflammatory photographs can be admitted, if they shed light on any issue or are helpful to the jury. *Cash* v. *State*, 301 Ark. 370, 784 S.W.2d 166 (1990). The photographs introduced in this case easily qualify under the *Richmond, Earl*, and *Cash* standards.

■ The defense counsel at trial sought to stipulate that the victim was raped and beaten, while at the same time denying the appellant's involvement, in an effort to eliminate the photographs as evidence of those crimes. We have previously held, however, that a defendant cannot prevent the state from offering proof of photographs simply by conceding the fact of the crime. *See Richmond* v. *State*, 302 Ark. 498, 791 S.W.2d 691 (1990). Here, that is exactly what defense counsel attempted to do.

The trial court did not abuse its discretion in admitting the photographs into evidence.

### Double Jeopardy

For his third argument the appellant contends that his double jeopardy rights were violated due to conviction for first degree battery which, he argues, is a crime embraced within the "forcible compulsion" element of rape. The information charged that the appellant:

> did unlawfully, feloniously, and by forcible compulsion, engage in sexual intercourse or deviate sexual activity with another person, in violation of A.C.A. §5-14-103, against the peace and dignity of the State of Arkansas; and

> did unlawfully and feloniously cause serious physical injury to another person, under circumstances manifesting extreme indifference to the value of human life, in violation

of A.C.A. §5-13-201, against the peace and dignity of the State of Arkansas . . . .

Our statute on double jeopardy requires that a defendant cannot be convicted of more than one offense, when one offense is included within another. Ark. Code Ann. § 5-1-110 (1987). An offense is included within another offense, if it is established by proof of the same or less than *all* the elements required to establish the commission of the other offense. *Id.* That is not the situation in this case. Rape and first degree battery are separate and distinct crimes as set out in the information with different elements of proof. And neither is a crime which can be subsumed under the other. *See Henderson* v. *State*, 286 Ark. 4, 688 S.W.2d 734 (1985). Moreover, "forcible compulsion" under the rape statute is defined as "physical force," which is further defined as "any bodily impact, restraint or confinement, or the threat thereof." Ark. Code Ann. § 5-14-101(2) (1987); *West* v. *State*, 290 Ark. 329, 335, 719 S.W.2d 684, 688 (1986). "Serious physical injury" under the first degree battery statute is defined as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." Ark. Code Ann. § 5-1-102 (1987). Comparing the elements of forcible compulsion and serious bodily injury highlights the substantial difference between the two crimes. Quite simply, the injury contemplated under the first degree battery statute is much more significant than forcible compulsion. The appellant's argument on this point has no merit.

### Voice Indentification

The appellant further contests a voice lineup which was conducted on August 16, 1989 — four days after the crime — while the victim was still in the hospital. The appellant and five police officers participated in the lineup. Each man read the following sentences: "Let's go to Club West and go drinking. I like light beer. I'm going to kill you. Shut up. I'm going to kill you, bitch. I'm going to kill you, bitch. Shut up. Shut up. You need to go take a bath and clean up." The victim could hear but not see the speakers, because they stood behind curtains.

The appellant argues that the police officers had "cop voices" which were distinguishable from the appellant's and that

by directing the appellant where to stand before he spoke, the supervisor of the lineup signaled the identity of the suspect to the victim. We do not agree. The supervisor at the lineup also directed another participant where to stand. And though the victim asked the appellant to read the sentences one more time, she testified this was not due to uncertainly but was done to confirm her decision.

■ Voice identifications are permissible in Arkansas. *See Wilson* v. *State*, 282 Ark. 551, 669 S.W.2d 889 (1984). As we also said in *Wilson*: "It is for the trial court to determine if there are sufficient aspects of reliability surrounding the identification to permit its use as evidence, and then it is for the jury to decide what weight the identification testimony should be given. 282 Ark. at 553, 669 S.W.2d at 890.

■ The admissibility of identification evidence is a matter for the trial court, and we will not reverse unless its ruling is clearly erroneous. *Wilson* v. *State, supra.* Furthermore, we will not insinuate ourselves into this process, unless the likelihood of irreparable misidentification is substantial. *See Simmons* v. *United States*, 390 U.S. 377 (1968).

The trial court listened to a tape recording of the lineup and not only admitted it but added, "It appears to me to be an awfully clean lineup." We affirm his decision on this point.

*Sufficiency of the Proof - First Degree Battery*

■ Lastly, there is an argument raised by the state under Supreme Court Rule 11(f) as to the sufficiency of the appellant's conduct to warrant a first degree battery conviction. The appellant did not raise the sufficiency question before the trial court, and by not doing so he waived his right to raise this issue on appeal. We have repeatedly declined to consider *sua sponte* what was not raised before the trial court for its consideration. *See, e.g., Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987); *Fretwell* v. *State*, 289 Ark. 91, 708 S.W.2d 630 (1986).

Affirmed.