## Tony WILLIAMS *v.* STATE of Arkansas

CR 95-578                                                907 S.W.2d 120

### Supreme Court of Arkansas
### Opinion delivered October 9, 1995

*Daniel D. Becker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Tony Williams was convicted of rape, aggravated robbery, and felony theft. The prosecution offered six photographs of the elderly female victim, showing her beaten and bloody condition shortly after the crime occurred. The Trial Court compared the photographs and admitted four of them. Counsel objected to the pictures on the ground that their prejudicial effect outweighed their probative value and that they were cumulative. He renews the prejudice argument on appeal. He also

contends it was error to admit a "rape kit" laboratory report compiled by a State Crime Laboratory analyst. He contends the report was hearsay and cumulative to the analyst's testimony. We find no error and affirm.

### 1. The photographs

Mr. Williams cites cases such as *Berry* v. *State*, 290 Ark. 223, 718 S.W.2d 447 (1986), in which we held the Trial Court abused his discretion by admitting too many autopsy pictures of a victim. His argument, for which he cites no authority, is that the victim testified about her injuries; therefore, the photographs were not helpful to the jury but served only to inflame them.

█ The Trial Court committed no abuse of discretion in allowing the photographs. The fact that photographs may be inflammatory is not alone sufficient reason to exclude them if they enable a witness better to describe that which they portray or if they corroborate the witness's testimony. *Strawhacker* v. *State*, 304 Ark. 726, 804 S.W.2d 720 (1992); *Williams* v. *State*, 300 Ark. 84, 776 S.W.2d 359 (1989). Our law clearly contemplates situations where photographs are used in addition to the testimony of a witness as to that which the photographs depict.

### 2. The report

█ The use of a State Crime Laboratory report as evidence in a trial is governed by Ark. Code Ann. § 12-12-313 (Supp. 1993). Subsection (a) of the statute provides that such a report is admissible when properly attested. Mr. Williams argues the statute does not apply when the serologist who compiled the report testifies in person. That is not so because subsection (c) of the statute provides specifically that "the records and reports shall be admissible through the analyst who shall be subject to cross-examination by the defendant or his counsel."

Affirmed.