Dennis Ray TARPLEY, Sr. *v.* STATE of Arkansas

CA CR 06-416                                        245 S.W.3d 192

Court of Appeals of Arkansas
Opinion delivered December 13, 2006

---

*Jeff Rosenzweig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellant was charged with kidnapping, terroristic threatening, and aggravated assault. After a jury trial, he was convicted of these offenses and sentenced to consecutive terms of imprisonment totaling thirty-two years. On appeal, he argues that the evidence was insufficient to support the finding of guilt on the kidnapping charge and that the trial court erred in excluding certain testimony on the grounds of relevance. We affirm.

A person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of terrorizing him. Ark. Code Ann. § 5-11-102(a)(6) (Repl. 2006). Where the sufficiency of the evidence is challenged on appeal of a criminal conviction, we review the sufficiency of the evidence prior to the consideration of trial errors. *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984). In determining the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict, and we affirm if there is substantial evidence to support the verdict. *Wells v. State*, 93 Ark. App. 106, 217 S.W.3d 145 (2005). Substantial evidence is evidence that is forceful enough to compel reasonable minds to reach a conclusion one way or the other without having to resort to speculation or conjecture. *Benson v. State*, 357 Ark. 43, 160 S.W.3d 341 (2004).

Viewed in light of that standard, the evidence reflects that the victim, Linda Holcombe, was an officer of the Merchants and Planters Bank in Newark, Arkansas. The bank had foreclosed on real property belonging to appellant's son, resulting in substantial controversy and litigation. On the day that his son's property was to be auctioned, appellant appeared at the bank soon after it opened. The victim asked if she could help appellant and invited him to her office. Once inside her office, appellant shut the door, pushed a chair against the door and, still standing, told the victim that she "lied." He then took a revolver out of his pocket, pointed it at the victim, and told her that she was "going with him to Newport . . . to straighten this out." The victim was afraid to move

her hands from her desk to set off the alarm. After five or ten minutes, she recovered her composure sufficiently to attempt to calm appellant, as she had been trained to do in the event of such a situation. She told appellant that she needed to get the file relating to the transaction so that they could talk about it, whereupon appellant moved the chair away from the door and allowed her to exit her office. The victim went to another room to dial 911. Shortly thereafter appellant pursued the victim and attempted to force his way into the room that she had entered. The drive-through teller, Charlene Morrison, intervened and, after engaging appellant in a lengthy conversation, calmed him down sufficiently to induce him to put down the revolver and surrender to the score of police officers who had gathered outside the bank.

■ Appellant argues that his conviction of kidnapping should not stand because the State failed to show that he employed any greater restraint on the victim than that normally incident to the crimes of aggravated assault and terroristic threatening, of which he was also convicted. We do not agree. In Arkansas, it is only when the restraint exceeds that normally incidental to the associated crime that the defendant should also be subject to prosecution for kidnapping. *See Moore v. State*, 355 Ark. 657, 144 S.W.3d 260 (2004). Any additional restraint will support a conviction for kidnapping. *Id.* Factors considered in determining whether a separate kidnapping conviction is supportable include whether the movement or confinement (1) prevented the victim from summoning assistance; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm. *Id.* Here, the offense of terroristic threatening required no more than the communication of a threat — by word or deed — with the purpose of terrorizing the victim, *see Lowry v. State*, 364 Ark. 6, 216 S.W.3d 101 (2005), and the offense of aggravated assault was accomplished when appellant displayed the firearm and pointed it at the victim. *See* Ark. Code Ann. § 5-13-204(a)(2) (Repl. 2006); *Harris v. State*, 72 Ark. App. 227, 35 S.W.3d 819 (2000). Given the testimony that appellant kept the doorway blocked for several minutes after performing these acts and that the victim was prevented from summoning assistance during this time, we hold that the evidence is sufficient to sustain the kidnapping conviction.

■ Appellant next argues that the trial court erred in sustaining the State's objection that the terms of the civil dispute

were irrelevant to the questions presented in the criminal trial, and therefore refusing to permit him to question the victim concerning the property that had been collateral for the loan made to appellant's son. Trial courts have broad discretion in deciding evidentiary issues, and their decisions are not reversed absent an abuse of discretion. *Smith v. State*, 351 Ark. 468, 95 S.W.3d 801 (2003). We find no error in this case. Even if the victim had lied to appellant regarding the terms of the loan, that would be no defense to the crimes of which he was convicted. Furthermore, although the question posed by appellant may, depending upon the answer given, have had some marginal relevance with respect to the victim's credibility, the need for a determination of her credibility was considerably lessened when appellant took the stand and admitted that he entered the bank on the day in question, that he accompanied the victim to her office, that he closed the door to her office, and that he displayed a revolver to the victim "to let her know [he] was serious."

Affirmed.

GLADWIN and ROBBINS, JJ., agree.