# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-15-131

| | | |
|---|---|---|
| JEFFERY BRASUELL | | **Opinion Delivered** October 7, 2015 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [No. 17CR14-336 II] |
| V. | | |
| | | HONORABLE MICHAEL MEDLOCK, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Jeffery Brasuell was found guilty by a Crawford County jury of commercial burglary and theft of property. He was sentenced to the Arkansas Department of Correction for twenty-five years for the commercial-burglary conviction and to the county jail for one year for the theft-of-property conviction, to be served concurrently. On appeal, he argues that the evidence is insufficient to support the commercial-burglary conviction and that the trial court abused its discretion in introducing evidence in violation of Arkansas Rule of Evidence 404(b). We affirm.

Brasuell was charged with commercial burglary and theft of property for shoplifting at a Wal-Mart in Van Buren, Arkansas, on December 5, 2013. Brasuell moved in limine to exclude evidence of subsequent charges filed against him relating to four shoplifting incidents that occurred at the same Wal-Mart store in October and November 2014. At the pretrial hearing, Brasuell argued that evidence of these subsequent four incidents was inadmissible character

evidence pursuant to Rule 404(a) of the Arkansas Rules of Evidence and that the evidence was not admissible for any other purpose outlined under Rule 404(b). He also argued that the evidence was not admissible because the October and November 2014 incidents occurred after the December 5, 2013 incident for which he was being prosecuted; they were not similar to the December 5 act; and there was too much time between the occurrences. The trial court denied the motion in limine.

At trial, Jonathan Murphy, a Wal-Mart asset-protection employee, testified that he observed video surveillance from December 5, 2013, showing a man (later identified as Brasuell) going into the store, buying two items, leaving the store, returning, concealing an air filter in his pants, and leaving the store without paying for the air filter and a container of oil. Murphy recorded the license-plate number of the man who had stolen the items and reported the incident to the police a couple of days later. Using the license-plate information, the police were led to Brasuell.

Murphy also testified that on October 23, 2010, Brasuell had been banned from all Wal-Mart stores as evidenced by a document that Brasuell had signed on that date. Murphy said that Wal-Mart employees are not advised of, and cannot identify, those who have been banned from the store, and he said that it is possible—as it happened in this case—for someone who has been banned from the store to enter unlawfully and make purchases without being apprehended.

Joseph Cole, an asset-protection manager at Wal-Mart, testified that on October 10, 12, 25, and November 11, 2014, surveillance video showed Brasuell shoplifting. On the first three dates, Cole testified that Brasuell was seen at self-check stations bagging items, for which he did

SLIP OPINION

not scan or pay, and leaving the store with those items. Cole testified that on November 11, 2014, he reviewed surveillance video of Brasuell placing a tool set in his cart and leaving the Wal-Mart store without paying for it. Another Wal-Mart employee, Nathan Jones, witnessed Brasuell placing the tool set into his cart and exiting the store without paying for it. Cole testified that he filed police reports regarding these subsequent incidents.

At the conclusion of the State's case, Brasuell moved for a directed verdict, arguing that there was insufficient evidence to support the commercial-burglary charge. Specifically, he argued that there was no evidence that he had been in the Wal-Mart unlawfully. He contended that the evidence demonstrated that he had been in and out of the Wal-Mart buying things; therefore, Wal-Mart had revoked the ban. He also argued that the State failed to prove that he had the requisite intent to commit a crime when he entered the store. The trial court denied the motion. After Brasuell rested and renewed his motion, which was denied, the jury returned guilty verdicts for commercial burglary and theft of property. This appeal followed.

A motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Woodson v. State*, 2009 Ark. App. 602, at 7, 374 S.W.3d 1, 5. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.*, 374 S.W.3d at 5. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.*, 374 S.W.3d at 5. On appeal, we view the evidence in the light most favorable to the State, considering only that evidence that supports the verdict. *Id.*, 374 S.W.3d at 5.

SLIP OPINION

Weighing the evidence and assessing the credibility of the witnesses are matters for the fact-finder. *Id.*, 374 S.W.3d at 5. The jury is free to believe all or part of any witness's testimony and resolves questions of conflicting testimony and inconsistent evidence. *Id.*, 374 S.W.3d at 5. Reconciling conflicts in the testimony and weighing the evidence are matters within the exclusive province of the jury. *Id.*, 374 S.W.3d at 5.

Brasuell's first point on appeal is that the trial court erred in denying his motions for directed verdict, contending that there was insufficient evidence to support the commercial-burglary conviction.[1] Specifically, he argues that there was a lack of substantial evidence that he had been in Wal-Mart unlawfully.

A person commits commercial burglary if he enters or remains unlawfully in a commercial occupiable structure of another person with the purpose of committing in the commercial occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(b)(1) (Repl. 2013). To "enter or remain unlawfully" means "to enter or remain in or upon premises when not licensed or privileged to enter or remain in or upon the premises." Ark. Code Ann. § 5-39-101(2)(A) (Repl. 2013).

In this case, Brasuell signed a document entitled "Notification of Restriction from Property," which provided as follows:

> Wal-Mart can prohibit individuals from entering its property who interfere with its business, shoplift, destroy property, or otherwise behave in a manner that is unacceptable to Wal-Mart. Wal-Mart has determined you have engaged in conduct sufficient to necessitate limiting your access to Wal-Mart property. This document constitutes formal notice and warning that you are no longer allowed on Wal-Mart property or in any area subject to Wal-Mart's control. This restriction on entry includes, but is not limited to, all

---

[1]Brasuell does not challenge the theft-of-property conviction.

Wal-Mart retail locations. Should you elect to ignore this notice and enter Wal-Mart property, Wal-Mart may contact law enforcement and request you be charged with criminal trespass.

The acknowledgment of receipt, included in the notification, provided "I have read and understand this notice, or in the alternative, have had it read to me and understand and acknowledge that as of [October 23, 2010] I am prohibited from entering Wal-Mart property. I understand this notice will remain in effect until Wal-Mart rescinds it." Brasuell, along with a Wal-Mart manager, signed the acknowledgment.

When Brasuell signed the notification, he acknowledged that he no longer had privilege or license to enter or remain on Wal-Mart property. Therefore, when he entered the Wal-Mart on December 5, 2013, he did so unlawfully. This is substantial evidence supporting the commercial-burglary conviction.

Brasuell does not contest that he was aware of the notification restricting him from all Wal-Mart stores or that he signed it; however, he claims that the notification was rescinded by Wal-Mart when its employees permitted him to enter the store and buy things despite the ban. We disagree. There is no evidence on this record that Wal-Mart rescinded the ban on Brasuell. And simply because Brasuell was able to enter the store and buy things is not evidence that Wal-Mart rescinded the ban. Murphy testified that Wal-Mart cannot track every person who has been banned from Wal-Mart. He said that Wal-Mart does not train its employees to look out for those banned from the store. However, he added that Wal-Mart can—and did in this case—file charges against those who have been banned from the store by reviewing surveillance video and credit- and debit-card information. Because there is no evidence that Wal-Mart expressly or

impliedly rescinded the notification banning Brasuell from its property, we hold that there was substantial evidence to demonstrate that Brasuell entered or remained unlawfully on Wal-Mart property and affirm the commercial-burglary conviction.

Brasuell next argues that the trial court abused its discretion in allowing, under Rule 404(b), evidence of the October and November 2014 shoplifting incidents. He contends that the incidents were subsequent to the December 5, 2013 incident; therefore, they could not be relevant to the issue of preparation, plan, motive, or knowledge of that incident. He also argues that the error was prejudicial because most of the evidence at trial revolved around the Rule 404(b) evidence.

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith; however, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Ark. R. Evid. 404(b) (2015). Rule 404(b) evidence is admissible if it has independent relevance. *Smith v. State*, 351 Ark. 468, 473, 95 S.W.3d 801, 804 (2003). Our supreme court has held that evidence is indisputably relevant if it proves a material point and is not introduced solely to prove that the defendant is a bad person. *Wells v. State*, 2012 Ark. App. 596, at 13, 424 S.W.3d 378, 387. Rule 404(b) evidence of other crimes must be similar to the charged crime; the degree of similarity between the circumstances of prior crimes and the present crime required for admission of evidence under Rule 404(b) is a determination that affords considerable leeway to the trial judge and may vary with the purpose for which the evidence is admitted. *Sasser v. State*, 321 Ark. 438, 447, 902

SLIP OPINION

S.W.2d 773, 778–79 (1995) (citations omitted). Finally, our supreme court has repeatedly ruled that trial courts have broad discretion in deciding evidentiary issues, including the admissibility of evidence under Rule 404(b), and that those decisions will not be reversed absent an abuse of discretion. *Id.* at 447–48, 902 S.W.2d at 779.

Brasuell failed to show that the trial court abused its discretion in admitting the Rule 404(b) evidence because the evidence was independently relevant. This evidence, which occurred after the crime for which he had been convicted, demonstrated Brasuell's intent, motive, opportunity, knowledge, and plan to shoplift from Wal-Mart. The evidence shows that he went to Wal-Mart to shoplift and that he knew it was illegal because he had been arrested and charged for the same conduct in December 2013. Also, the similarity between the Rule 404(b) evidence and the December 5, 2013 incident establishes the independently relevant matters of opportunity and plan. In both sets of circumstances, Brasuell entered the same Wal-Mart store, selected items, concealed them either in his pants, his cart, or his bags, did not pay for them, and left the store.

Brasuell argues that the Rule 404(b) evidence is inadmissible because it occurred after the December 5, 2013 incident; however, we have recognized that Rule 404(b) applies to evidence of subsequent bad acts by an appellant. *Wells*, 2012 Ark. App. 596, at 14, 424 S.W.3d at 388. Also, we note that on two occasions the trial court gave the jury cautionary instructions regarding the proper application of the Rule 404(b) evidence. On one of these occasions, the trial court stated,

> Members of the jury, you are instructed that evidence of other crimes, wrongs, or acts of Jeffery Brasuell may not be considered by you to prove the character of Jeffery Brasuell in order to show that he acted in conformity therewith. This evidence is not to be considered to establish a particular trait or character that he may have, nor is it to be considered to show that he acted similarly or accordingly on the day of the incident. This evidence is merely offered as evidence of motive, opportunity, intent, preparation, plan, knowledge, and identity, or absence of mistake or accident.

And finally, to the extent that Brasuell raises a Rule 403 argument—that the probative value of the Rule 404(b) evidence was substantially outweighed by prejudice—that argument was not raised below or ruled on by the trial court; therefore, it is not preserved for review. *Hill v. State*, 325 Ark. 419, 425, 931 S.W.2d 64, 67 (1996) (holding that Rule 403 issues neither raised nor ruled upon at trial cannot be raised for the first time on appeal). For these reasons, we cannot say that the trial court abused its discretion in admitting evidence of the subsequent shoplifting events pursuant to Rule 404(b).

Affirmed.

VIRDEN and GLOVER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.